# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

(1) SHAWN D. COCKRELL, an individual,

        Plaintiff,

v.

(1) ALLSTATE PROPERTY AND
    CASUALTY INSURANCE COMPANY,

        Defendant.

Case No. CIV-15-794-R

Removed From
District Court of Oklahoma County
Case No. CJ-2015-2869

## NOTICE OF REMOVAL

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), submits its Notice of Removal of the above-styled cause to the United States District Court for the Western District of Oklahoma. This action is now pending in the District Court of Oklahoma County, Oklahoma, as above-captioned, and docketed as number CJ-2015-2869. Copies of all of the pleadings and process filed in this action to-date are attached as Exhibits 1, 2, and 3[1]. A copy of the Docket Sheet from the State court action is also attached as Exhibit 4.

## ARGUMENT AND AUTHORITIES

Removal from state court is proper as subject matter jurisdiction exists under the diversity statute, 28 U.S.C. § 1332. The parties are of diverse citizenship. Plaintiff is a citizen of the State of Oklahoma. (Ex. 2, ¶ 1). Defendant is an Illinois corporation with its principal place of business in Illinois.

---

[1] Plaintiff also filed Proof of Service on July 14, 2015. (*See,* Ex. 4, Docket Sheet). However, at the time of filing this Notice of Removal, a copy of the Proof of Service was not available online or at the courthouse.

Additionally, the requisite amount in controversy, exclusive of interests and costs, is in excess of $75,000. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (*rev'd on other grounds*). According to the Tenth Circuit Court of Appeals, the removing party only has to demonstrate by a preponderance of the evidence "jurisdictional facts that made it **possible** that $75,000 was in play….It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis added). Once the jurisdictional facts are established, remand is appropriate only when it is "legally certain" that the plaintiff cannot recover more than $75,000. (*See id*. p. 955).

Here, the jurisdictional amount is clearly met as the Amended Petition demonstrates that Plaintiff is seeking more than $150,000.00 in alleged damages. (Ex. 2, ¶¶ 15, 18). In addition, Plaintiff also seeks (a) "Category II" punitive damages, and (b) attorney fees. (*Id*. ¶ 18; *id*. p. 6 "Prayer" ("Plaintiff prays that he be awarded…punitive damages and attorneys' fees….")). Thus, the statute's jurisdictional amount is clearly met.

## CONCLUSION

The United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to federal court. Therefore, Defendant requests that the Court assume original jurisdiction of this action and proceed with it to completion.

Respectfully submitted,

   s/RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
Tomlinson · Rust · McKinstry · Grable
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:   877/917.1559
ronw@TRMGlaw.com
jerryn@TRMGlaw.com
*Attorneys for Defendant Allstate Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

☑   I hereby certify that on July 21, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

   Tony Gould, OBA #18564
   Brown & Gould, PLLC
   136 N.W. 10th, Suite 200
   Oklahoma City, OK 73103
   Telephone: (405) 235-4500
   Facsimile: (405) 235-4507
   Email: tgould@browngouldlaw.com
   *Attorney for Plaintiff*

   s/ RONALD L. WALKER