## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

SHAWN D. COCKRELL and )
SHERRY L. COCKRELL, )
                               )
    Plaintiffs, )
                               )
vs. ) Case No. CJ 2015-2869
                               )
ALLSTATE PROPERTY AND ) **ATTORNEY LIEN CLAIMED**
CASUALTY INSURANCE COMPANY, ) **JURY TRIAL DEMANDED**
a foreign insurance company, )
                               )
    Defendant. )

## PETITION

COMES NOW Plaintiffs, Shawn D. Cockrell and Sherry L. Cockrell ("**Plaintiffs**"), by and through their attorneys of record, BROWN & GOULD, PLLC, and for their cause of action against defendant, Allstate Property and Casualty Insurance Company ("**Defendant**"), alleges and states as follows:

### I.
### PARTIES

1. Plaintiffs are, and at all relevant times were, individuals residing in Oklahoma City, Cleveland County, Oklahoma.

2. Defendant is a foreign insurance company authorized to do business in the State of Oklahoma that may be served with process by and through its mandatory designated agent, John Doak, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, Five Corporate Plaza, 3625 N. W. 56th Street, Suite 100, Oklahoma City, Oklahoma 73112-4511.


EXHIBIT 1

## II.
## JURISDICTION AND VENUE

4. This Court has general and original jurisdiction over Plaintiffs' claims for breach of contract and bad faith.

5. Venue is proper in this Court as the Defendant can be served here and Defendant has an agent here.

6. All conditions precedent to instituting this action have occurred, been performed, were waived, or have otherwise been satisfied.

## III.
## STATEMENT OF FACTS

7. Defendant is in the business of selling property insurance to individuals within the State of Oklahoma.

8. On or about August 28, 2006, Defendant issued Plaintiffs a Homeowners Policy, bearing Policy No. 9 21 663153 08/28 (the "**Policy**") for purposes of insuring Plaintiffs' resident located at 5300 SE 134th St, Oklahoma City, OK 73165 (the "**Plaintiffs' Home**").

9. Pursuant to the terms of the Policy, Defendant promised to insure Plaintiffs' Home for certain storm-related damages.

10. During the coverage period, Plaintiffs' Home sustained a direct physical loss as a result of the May 20, 2013 tornado which devastated the City of Moore, Oklahoma and surrounding areas.

11. The loss to the Plaintiffs' Home is not a loss excluded by any policy exclusion.

12. Plaintiffs thereafter submitted a proof of loss to Defendant and demanded coverage under the terms and conditions of the Policy.

13. To date, Defendant has only paid for a portion of the damage to the Plaintiffs' Home covered by the terms and conditions of the Policy.

## IV.
## THEORIES OF RECOVERY

### A.
### FIRST CLAIM
### BREACH OF CONTRACT

Plaintiffs incorporate all prior allegations by reference.

14. Defendant has arbitrarily and capriciously breached the insurance contract by delaying and refusing to make payment of insurance coverage to Plaintiffs even though the loss to the Plaintiffs' Home was clearly covered under the terms and conditions of the Policy.

15. As a result of Defendant's breach of the insurance contract, Plaintiffs have sustained damage and other loss in an amount greater than $75,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant on its First Claim for the following relief:

a. Compensatory damages against Defendant in an amount greater than $75,000.00, including but not limited to, unpaid benefits and contractual interest on benefits owed;

b. Prejudgment and post judgment interest;

3

c. Costs, including but not limited to court costs, expert fees, attorneys' fees and expenses; and

d. Such other and further relief as the Court deems appropriate under the circumstances presented.

## B.
## SECOND CLAIM
## BAD FAITH

Plaintiffs incorporate all prior allegations by reference.

16. Defendant knowingly and intentionally handled Plaintiffs' insurance claim as a matter of routine business practice in handling like claims under like policies.

17. Defendant breached its duty to deal fairly and act in good faith toward Plaintiffs by:

a. refusing and delaying payment and other policy benefits owed to Plaintiffs at a time when Defendant knew that Plaintiffs were entitled to those benefits;

b. failing to properly investigate Plaintiffs' claim and to obtain additional information both in connection with the original refusal and delay and following the receipt of additional information;

c. withholding payment of the benefits even though Defendant knew Plaintiffs' claim for those benefits was valid;

d. refusing to honor Plaintiffs' claim for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

e. refusing to honor Plaintiffs' claim in some instances by applying restrictions not contained in the Policy;

f. refusing to honor Plaintiffs' claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the subject policies;

g. failing to adopt and implement reasonable procedures for the prompt investigation and reasonable handling of claims arising under the Policy, to include Plaintiffs' claim;

h. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim once liability had become reasonably clear;

I. forcing Plaintiffs, pursuant to Defendant's claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and

j. failing to properly evaluate any investigation that was performed.

18. As a proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiffs have suffered aggregate damages and other losses an amount greater than $75,000, in the form of policy coverage, mental and emotional distress, financial hardship, attorney expenses and other damages.

18. Defendant has acted intentionally and with malice toward Plaintiffs and has been guilty of reckless disregard for the rights of Plaintiffs, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant:

a. Compensatory damages against Defendant in an amount greater than $75,000, including but not limited to unpaid benefits and contractual interest on benefits owed;

b. Punitive damages;

c. Prejudgment and post-judgment interest on all damages;

d. Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

5

e. All further relief as the Court deems appropriate under the circumstances presented.

## V.
## PRAYER

WHEREFORE, Plaintiffs pray that they be awarded actual and compensatory damages herein together with costs, pre- and post-judgment interest, punitive damages and attorneys' fees and costs, and any other relief as may be appropriate.

Respectfully submitted,

_____
Tony Gould, OBA #18564
BROWN & GOULD, PLLC
136 N. W. 10th, Suite 200
Oklahoma City, OK 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: tgould@browngouldlaw.com
*Attorneys for Plaintiffs*