IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN COCKRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIV-15-794-R |
| | ) |
| ALL STATE PROPERTY & | ) |
| CASUALTY INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff has filed a Motion to Dismiss without Prejudice (Doc. No. 17) pursuant to Fed.R.Civ.P. 41(a)(2), to which Defendant has filed an objection. The motion states no basis for the requested dismissal of this action which is currently set on the Court's June 14, 2016 trial docket. Defendant objects, noting that it has expended significant efforts and expense in defending this litigation and would be prejudiced by a dismissal without prejudice at this date.

Once a defendant files an answer, a motion for summary judgment or a stipulation of dismissal, a plaintiff may only voluntarily dismiss an action with an order of the Court.

> Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986) (voluntary dismissal "should not be denied absent substantial prejudice to the defendant"); *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir.1986) ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice"). The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present

stage of litigation. *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir.1996). Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper. *Id.* at 358.

*Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997).

In support of his motion to dismiss without prejudice, Plaintiff does not include any basis for his dismissal request. In response Defendant contends it has expended significant resources in defense of this case, that it has retained an expert, engaged in discovery and endeavored to continue doing so during the pendency of the instant motion, in light of impending deadlines associated with a June trial. Defendant contends Plaintiff has not served discovery requests, conducted depositions, or otherwise expended significant efforts to prosecute this case. As a result, Defendant argues it would be prejudiced if Plaintiff's motion is granted.

The factors set forth above, and taken as a whole, in light of Defendant's representations, lead the Court to conclude that Defendant will suffer legal prejudice if this case is dismissed without prejudice.[1] Accordingly, Plaintiff's Motion to Dismiss is hereby DENIED. New counsel shall either enter an appearance on Plaintiff's behalf or Plaintiff shall inform the Court of his intention to proceed *pro se* within ten days of entry of this Order.

---

[1] Plaintiff did not file a reply brief in support of his motion, as such, Mr. Cockrell has not rebutted any of Defendant's representations. The Court acknowledges that counsel withdrew following the filing of the motion and no substitute counsel has entered an appearance on Plaintiff's behalf.

IT IS SO ORDERED this 21st day of March, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE